

NUMBER 13-14-00626-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN THE INTEREST OF T.C.C., A CHILD

**On appeal from the 156th District Court of
San Patricio County, Texas.**

# MEMORANDUM OPINION

**Before Justice Chief Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Garza**

Appellant, S.C., appeals the trial court's judgment involuntarily terminating her

parental rights with respect to her biological son T.C.C., a minor child.[1]  We affirm.

---

[1] We refer to appellant and the minor child by their initials in accordance with rule of appellate procedure 9.8.  *See* TEX. R. APP. P. 9.8(b)(2) (providing that, in an appeal arising out of a case in which the termination of parental rights was at issue, "the court must, in its opinion, use an alias to refer to a minor, and if necessary to protect the minor's identity, to the minor's parent or other family member").

## I. *ANDERS* BRIEF

S.C.'s court-appointed appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and has concluded that "there are no grounds of error upon which an appeal can be predicated." *See Anders v. California*, 386 U.S. 738 (1967); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."). Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."). Counsel has informed this Court in writing that he has: (1) notified S.C. that he has filed an *Anders* brief and a motion to withdraw; (2) provided S.C. with copies of both pleadings; (3) informed S.C. of her rights to file a pro se response,[2] to review the record preparatory to filing that response, and to seek review if we conclude that the appeal is frivolous; and (4) supplied S.C. with a form motion for pro se access to the appellate record. *See Anders*, 386 U.S. at 744; *Kelly,* 436 S.W.3d at 319–20. More than an adequate time has passed, and S.C. has

---

[2] In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

2

filed neither a motion for pro se access to the record nor a pro se response.[3]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re G.M.*, No. 13–08–00569–CV, 2009 WL 2547493, at *1 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.). We have reviewed the record and counsel's brief and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, S.C.'s counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted)). We grant the motion to withdraw.

We order counsel to send a copy of the opinion and judgment to S.C., and to advise her of her right to file a petition for review, within five days of the date of this opinion.[4]

---

[3] Appellant's brief contains a request for extension of time for appellant to file a pro se response "for thirty days from the date of filing of this brief." More than thirty days have elapsed since the brief was filed and appellant has not filed any pro se response. Accordingly, we deny the request as moot.

[4] No substitute counsel will be appointed. Should S.C. wish to seek further review by the Texas

*See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35.

_____
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
5th day of March, 2015.

---

Supreme Court, she must either retain an attorney to file a petition for review or file a pro se petition for review. Any petition for review must be filed within 45 days after the date of either this opinion or the last ruling by this Court on all timely filed motions for rehearing or en banc reconsideration. TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of Rule 53.2 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 53.2.